# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DEBORAH R. MALLOY, : | |
|     Debtor. : | |
| _____ : | |
| : | |
| DEBORAH R. MALLOY, : | |
| : | CIVIL ACTION NO. 15-0580 |
|     Appellant, : | |
| : | BANKRUPTCY NO. 14-17727 |
|     v. : | |
| : | |
| GARY F. SEITZ, : | |
| : | |
|     Appellee. : | |

## MEMORANDUM

**Tucker, J.**                                                                       **August 9, 2017**

Before the Court are a Certificate of Appeal from an Order entered by the Honorable Eric L. Frank, United States Bankruptcy Judge for the Eastern District of Pennsylvania (Doc. 1), Appellant's Brief (Doc. 3), and Appellee's Brief (Doc. 4). Upon consideration of the Parties' submissions and exhibits, and the designated record on appeal, this Court AFFIRMS the decision of the Bankruptcy Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2014, Debtor Deborah R. Malloy ("Malloy") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Voluntary Pet., *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Sept. 25, 2014), ECF No. 1. Malloy then filed her bankruptcy Schedule A on which she listed "all real property in which [she] has any legal, equitable, or future interest." Schedule A, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Sept. 25, 2014), ECF No. 3. On Schedule A, Malloy identified herself as the sole owner of a home located

1

at 4205 Upland Drive, Boothwyn, Pennsylvania 19061 ("Residence"). *See id.* (indicating Malloy owned the home individually by marking the column titled "Husband, Wife, Joint, Or Community" with a "W").

On September 26, 2014, Gary F. Seitz was appointed the Chapter 7 Trustee in Malloy's case. Notice of Appointment of Trustee, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Sept. 26, 2014), ECF No. 20. On the same day, Malloy filed a motion with the Bankruptcy Court seeking the joint administration of her case with the bankruptcy case of her husband, Edward C. Malloy ("Husband"). Mot. for Joint Administration, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Sept. 26, 2014), ECF No. 23. On October 15, 2014, the Bankruptcy Court denied Malloy's Motion for Joint Administration. Order, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Oct. 15, 2014), ECF No. 41. At all times, Malloy's case and her Husband's case remained independently administered.

During the pendency of Malloy's case, her Husband, in his own bankruptcy case bearing Bankruptcy No. 14-15464, claimed a federal exemption in Malloy's Residence despite the fact that Malloy owned the Residence solely and her Husband had no legal or equitable interest in the property. *See* Transcript 36:14–18, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Jan. 21, 2015), ECF No. 96; Appellant's Br. Ex. A.4 (showing that Husband filed a Schedule C in his own case by which he claimed $45,950.00 of Malloy's Residence as exempt from Husband's own bankruptcy estate). The trustee administering Husband's bankruptcy estate did not object to Husband's attempt to exempt the Residence that, by law, never entered the Husband's bankruptcy estate. Transcript 36:14–18, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Jan. 21, 2015), ECF No. 96.

Meanwhile, in Malloy's case, Malloy filed her own Amended Schedule C that listed $45,950.00 of the Residence as exempt from the bankruptcy estate under the federal exemptions provisions. *See* Schedule C, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Nov. 3, 2014), ECF No. 50 (indicating that all exemptions were claimed under federal law). Trustee Seitz filed an objection to Malloy's claim, under Fed. R. of Bankruptcy Procedure 4003(b),[1] arguing that the exemption was improper because it exceeded the statutory limit for residential real estate. Objection to Debtor's Claim of Exemptions ¶ 10, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Dec. 3, 2014), ECF No. 60. Trustee Seitz objected because Malloy's claimed exemption was double the maximum allowed for individually-administered bankruptcy cases. *Id*.

On January 21, 2015, the Bankruptcy Court held a hearing on Trustee Seitz's objection. Transcript, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Jan. 21, 2015), ECF No. 96. After the hearing, the Bankruptcy Court issued an order reducing Debtor Deborah Malloy's exemption to the statutory limit of $22,975.00 ("Order of Reduction"). Order of Reduction, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Jan. 22, 2015), ECF No. 85. On February 3, 2015, Malloy timely filed an appeal from the Order of Reduction. Notice of Appeal, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Feb. 3, 2015), ECF No. 91.

---

[1] Rule 4003 imposes a thirty day deadline to object to any claimed exemption on the bankruptcy trustee and any other party with an interest in the property. If no objection is raised, then under § 522 of the Bankruptcy Code, the property listed as exempt is deemed exempt. Section 522 provides:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C.A. § 522(l) (West 2016).

## II.	JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review orders from the Bankruptcy Court under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). On appeal, the district court "review[s] questions of law de novo, findings of fact for clear error, and exercises of discretion for abuse." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998) (citing *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995)).

## III.	DISCUSSION

The issue before the Court is whether an individual may claim a residential real property exemption in the amount of $45,950.00 despite the fact that under 11 U.S.C. § 522(d)(1) an individual debtor is limited to a maximum exemption of $22,975.00.[2]

Malloy argues that the Order of Reduction was erroneous because it contradicts the United States Supreme Court holding in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). Despite Malloy's contention, however, in view of the facts of this case and under the plain terms of § 522(d)(1), the Court holds that the Bankruptcy Court's decision was proper and that Malloy may not claim double the maximum exemption provided for under the Bankruptcy Code for residential real property. Where, as here, a debtor chooses to petition for bankruptcy

---

[2] Under 11 U.S.C. § 522 a debtor may exempt a variety of property from the bankruptcy estate that is created, by law and automatically, upon the filing of a petition for bankruptcy. Some property, such as residential real property, may only be exempted up to a statutorily defined dollar limit. 11 U.S.C. § 522(d)(1). The dollar limit is routinely adjusted to account for, among other things, inflation. *See* 11 U.S.C. § 104(a)(1) (providing that every three years, the dollar limits provided under a variety of bankruptcy provisions shall be adjusted to reflect changes in inflation). At the time Debtor Deborah Malloy claimed an exemption under § 522(d)(1), the limit was $22,975.00. Since then, the limit has been increased to $23,675.00. 11 U.S.C. § 522(d)(1).

individually and separately from her spouse, and her bankruptcy estate is administered individually and separately from her spouse's bankruptcy estate, the debtor may claim only up to the maximum exemption to which she is entitled as an individual.

### A. The Bankruptcy Estate and Residential Real Property Exemption

It is well-established that the commencement of a bankruptcy case creates, by operation of law, a bankruptcy estate. 11 U.S.C. § 541(a). The bankruptcy estate is comprised of the debtor's property including, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Once property becomes part of the bankruptcy estate, the debtor may exempt certain categories of property from the estate as provided by statute. 11 U.S.C. § 522(b)(1) (providing that "[n]otwithstanding section 541 . . . an individual debtor may exempt from property of the estate the property listed"). The inclusion of property in the bankruptcy estate, therefore, is a condition precedent to exemption from the estate. *Owen v. Owen*, 500 U.S. 305, 308 (1991) (explaining that "[n]o property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate.").

In authorizing the exemption of some forms of property from the bankruptcy estate, Congress sought to "ensure that debtors [could] come out of bankruptcy with adequate possessions to obtain a fresh start." *In re Cohen*, 263 B.R. 724 (Bankr. D.N.J. 2001). To this end, Congress carved out a number of exemptions for various forms of property that it believed, for policy reasons, should be placed beyond the reach of a debtor's creditors. *Id.* at 726. Among the exemptions that Congress created was an exemption relating to residential real property. 11 U.S.C. § 522(d)(1).

5

At the time of Malloy's petition for voluntary bankruptcy, § 522(d) of the Bankruptcy Code provided that a debtor could exempt from the bankruptcy estate an "aggregate interest, <u>not to exceed</u> $22,975 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." 11 U.S.C. § 522(d)(1) (emphasis added). The Bankruptcy Code places an upper limit on the amount that an individual debtor may exempt under the residential real property exemption. While in some jointly-administered bankruptcy cases, debtors may be allowed to "stack" or "double" their exemptions under Bankruptcy Code § 522(m), the debtors are permitted to stack or double their exemptions only to the extent that the debtors may each have a legal or equitable interest in the exempted property. *See* 11 U.S.C. § 522(m) (providing that "[s]ubject to the limitation in subsection (b), this section [on exemptions] shall apply separately with respect to each debtor in a joint case"); *see also In re Cohen*, 263 B.R. at 726 (citing *Matter of Freund*, 32 B.R. 622, 623 (Bankr. W.D. Wis. 1983)) (explaining that "[i]n joint cases each debtor presumptively has a separate estate . . . . [and] [a]bsent . . . substantive consolidation [of the debtors' estates] the separate bankruptcy estate of a joint debtor consists only of property in which that debtor has a legal or equitable interest."); *In re McCulley*, 150 B.R. 358, 360 (Bankr. M.D. Pa. 1993) (providing that "[a]bsent a Court Order to consolidate, [even] joint administration has absolutely no impact on the legal rights and obligations of the Debtor, Creditors, or the Trustee"). Thus, the exemptions listed under the Bankruptcy Code apply individually to each debtor and only apply to property that is, in fact, part of the bankruptcy estate.

### B. Debtor Deborah Malloy's Bankruptcy Estate Is Individually Administered Therefore, She Is Entitled Only to the Exemptions Allowed As An Individual

As applied to the present case, the plain terms of the Bankruptcy Code limit Malloy's residential real property exemption to $22,975.00 because her bankruptcy estate is individually

administered. Therefore, she may not stack or double the exemption as she might if her case were substantively joined with her Husband's bankruptcy case.

Malloy's case has, since its inception, been individually administered. As the Bankruptcy Court denied Malloy's request to administer her case jointly with her Husband's, Malloy was and is constrained to the exemptions available to her as an individual debtor. Accordingly, Debtor Deborah Malloy was permitted only to exempt "an aggregate interest, <u>not to exceed</u> $22,975 in value, in real property or personal property that" she used as her residence. 11 U.S.C. § 522(d)(1) (emphasis added). The plain terms of the Bankruptcy Code explicitly limit Malloy to a maximum residential real property exemption of $22,975.00. Thus, the Bankruptcy Court, prompted by the timely objection of Trustee Seitz, acted properly in reducing Malloy's exemption from $45,950.00 to $22,975.00.

In arguing for reversal of the Bankruptcy Court's decision, Malloy appears to advance a theory of res judicata, also known as claim preclusion, and/or a theory of collateral estoppel, also known as issue preclusion. Malloy asserts that because the trustee in her Husband's unrelated bankruptcy case failed to object to her Husband's claimed exemption of $45,950.00 in the Residence, the separate trustee in Malloy's case is estopped or barred from objecting to Debtor Deborah Malloy's separate claim of exemption of $45,950.00 in the same Residence under the rule stated in *Taylor*. This estoppel argument, whether articulated as res judicata or as collateral estoppel, is unavailing.

The doctrine of res judicata, "also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, No. 16-4108, 2017 WL 1325687, at *2 (3d Cir. Apr. 11, 2017) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir.

7

2008)). To assert that a matter is barred by the doctrine of res judicata successfully, a party "must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Morgan*, 648 F.3d at 177 (citing *In re Mullarkey*, 536 F.3d at 225).

In this case, the elements of res judicata are not present. Malloy's argument fails on its face because the "prior suit" on which she bases her argument, her Husband's bankruptcy case, did not involve the same parties or their privies. Malloy's case is distinct and separate from her Husband's case. Therefore, any judgment rendered in her Husband's case cannot have claim preclusive effect in the present case.

As for collateral estoppel, the Third Circuit has explained that:

> The following four elements are required for the doctrine to apply: '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247–48 (3d Cir. 2010) (citing *Szehinskyj v. Attorney Gen. of the United States*, 432 F.3d 253, 255 (3d Cir.2005)).

Here too, Malloy's argument fails because the elements of collateral estoppel are not present. First, Malloy fails to note that the issue that was purportedly litigated in her Husband's earlier bankruptcy case and the issue now before this Court are different. The issue in this case is whether Debtor Deborah Malloy may claim an exemption that is twice the statutory limit for residential real property where her case is individually and separately administered. The issue allegedly litigated in her Husband's case, by contrast, was whether her Husband's claimed residential real property exemption based on the Residence in which he had no legal or equitable interest was effective. Even assuming that her Husband's unobjected to claim in his case were

8

valid, this would not affect the issue of whether Malloy may make her own claim for twice the statutory limit for residential real property in the present case. The Court, of course, can take no position on the validity of her Husband's claimed exemption in the Husband's case because that case and that issue are not properly before the Court.

Second, the party that Malloy seeks to preclude from objecting to her exemption is Trustee Seitz, who was not represented in Malloy's Husband's case. Therefore, it is improper to preclude Trustee Seitz from litigating the present issue. As Malloy has not established all the elements necessary to support a claim of collateral estoppel, the proceedings in her Husband's case have no issue preclusive effect on the matter now before the Court.

The Court notes that Malloy's reliance on the holding in *Taylor* is misplaced on the present facts and does not require the reversal of the Bankruptcy Court's decision. In *Taylor*, the United States Supreme Court considered the question of "whether [a] trustee may contest the validity of an exemption after the 30-day period [for objecting under Rule 4003] if the debtor had no colorable basis for claiming the exemption." 503 U.S. at 639. There, the debtor petitioned for bankruptcy during the pendency of her employment discrimination case before a state court. *Id*. at 640. Though a debtor is generally permitted to exempt only a relatively small portion of any potential settlement or civil case proceeds under the Bankruptcy Code, the debtor nevertheless claimed an exemption of $90,000.00 to $110,000.00. *Id.* The bankruptcy trustee did not object to the claimed exemption even though the claimed amount far exceeded the exemption limit under the statute. *Id.* The debtor ultimately settled her discrimination lawsuit for $110,000.00. *Id*. Later, the trustee demanded that the debtor turnover the settlement money as property of the bankruptcy estate. *Id.* at 641. Ultimately, the United States Supreme Court

held that by failing to object within the thirty day period under Rule 4003, the trustee could not contest the validity of the exemption. *Id.* at 644.

The conclusion of the Bankruptcy Court in the present case is fully consistent with the holding in *Taylor*. Here, Debtor Deborah Malloy asserted her claim of exemption and Trustee Seitz timely filed an objection to the claim in compliance with Rule 4003. Therefore, unlike the circumstances in *Taylor*, Debtor Deborah Malloy's claimed exemption was never deemed valid as the result of any failure by the bankruptcy trustee to object in a timely fashion. Therefore, the Bankruptcy Court's decision to reduce Debtor Deborah Malloy's claimed exemption was appropriate and does not constitute reversible error.

> **C.** **Debtor Deborah Malloy's Additional Questions Presented In Her Brief Are Beyond The Scope Of The Matter On Appeal**

As explained in detail above, Malloy appealed the Bankruptcy Court's Order of Reduction that reduced her claimed residential real property exemption to the statutory limit under the Bankruptcy Code for an individual debtor. Malloy's assertion that the Bankruptcy Court erred by "invit[ing] appellant's husband back to court at a future time to litigate exemptions and/or asset valuations which were unobjected to in his discharged and closed case," ignores the narrow scope of this Court's review. Indeed, the Bankruptcy Court itself expressly delineated the issue by stating:

> To the extent that I've expressed an opinion, regarding [Husband's] exemption and collateral-estoppel effect that might have, in effect, I'm acknowledging that for the narrow purposes of today's decision, it's actually dicta.
> . . . .
> The issue before me is whether, one debtor has a right to a $45,000.00 exemption.

Transcript 29:9–16, *In re Deborah R. Malloy*, No. 14-17727 (Bankr. E.D. Pa. Jan. 21, 2015), ECF No. 96.

Accordingly, while this Court affirmatively rejects Malloy's arguments relating to res judicata and/or collateral estoppel as outlined above in Section III.B, the Court takes no position on the propriety of Husband's claimed residential real property exemption in his bankruptcy case because his bankruptcy case is not presently before the Court.

## IV.  CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.  An appropriate order follows.